UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION et al.,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Civil Action No. 26-2521 (ACR) |

# **ANSWER**

Defendant the United States Department of Health and Human Services ("HHS"), by and through undersigned counsel, hereby answers Plaintiffs' Complaint arising under the Freedom of Information Act, 5 U.S.C. § 552. Defendant denies all allegations in the Complaint, including Plaintiffs' requested relief, except to the extent specifically admitted below. To the extent the Complaint refers to, characterizes, or quotes from documents, statutes, regulations, correspondence, or other materials, Defendant respectfully refers the Court to those materials for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. Defendant's references to such materials are not intended to be, and should not be construed as, admissions that Plaintiffs have accurately characterized those materials, that the materials are relevant to this action, or that the materials are admissible.

Defendant responds to the numbered paragraphs of the Complaint as follows:

## INTRODUCTION[1]

1. This paragraph consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to bring this action under the FOIA.

2. Defendant admits that on March 11, 2026, Plaintiff submitted a FOIA request to Defendant. The first sentence of this paragraph consists of Plaintiffs' characterization of their FOIA request identified in this paragraph, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent with the request. To the extent the remaining allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

3. This paragraph consists of Plaintiffs' characterization of their FOIA request identified in paragraph 2, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent with the request.

4. Admit.

---

[1] For ease of reference only, Defendant's Answer uses the headings contained in the Complaint. Defendant does not admit to any allegations by using those headings. To the extent any headings may be construed to contain factual allegations, those allegations are denied.

5. This paragraph states Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the requested relief.

## JURISDICTION AND VENUE

6. This paragraph sets forth legal conclusions regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction under the FOIA, 5 U.S.C. § 552(a)(4)(B), subject to the terms, conditions, and limitations of that statute.

7. This paragraph sets forth legal conclusions regarding venue to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District for actions properly arising under the FOIA.

## PARTIES

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that HSS is a federal agency and, therefore, subject to the FOIA pursuant to the terms, conditions, and limitations of that statute. Defendant further admits that the Administration for Children and Families is a division within HHS. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

## FACTUAL BACKGROUND

### I. The Trump Administration's Escalating Attacks on Child Care and Family Assistance Programs

16. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth

claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

23. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

24. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the

records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

25. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

26. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

27. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.

To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

28. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

29. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## II. The Impacts of These Attacks on Child Care Providers and the Families Who Depend on Them

30. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth

claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

31. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

32. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

33. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

34. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

35. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

36. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## III. **The Racial and Political Targeting Under the Enhanced Defend the Spend Policy and Five-State Funding Freeze**

37. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

38. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## IV. **Plaintiffs' FOIA Request**

39. Defendant admits that Plaintiffs submitted a FOIA request to HHS on March 11, 2026. The remaining allegations in this paragraph consists of Plaintiffs' characterization of their FOIA request identified in this paragraph, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent with the request.

40. This paragraph consists of Plaintiffs' characterization of their FOIA request identified in paragraph 39, which speaks for itself and is the best evidence of its contents.

Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent with the request.

41. This paragraph consists of Plaintiffs' characterization of their FOIA request identified in paragraph 39, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent with the request.

## V. Defendant's Failure to Respond to Plaintiffs' FOIA Request

42. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that, under the FOIA, an agency that receives a proper FOIA request must determine within twenty working days whether to comply with such request. 5 U.S.C. § 552(a)(6)(A)(i).

43. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that it has not released any records in response to Plaintiffs' request. This paragraph also consists of Plaintiffs' characterization of correspondence with Defendant, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent with that correspondence.

44. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that it has not released any records in response to Plaintiffs' request. This paragraph also consists of Plaintiffs' characterization of correspondence with Defendant, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent with that correspondence.

45. This paragraph consists of Plaintiffs' characterization of correspondence with Defendant, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent with that correspondence.

46. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiffs submitted a FOIA request to HHS on March 11, 2026.

47. Defendant admits it has not released records in response to Plaintiffs' FOIA request.

48. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the provisions of the FOIA cited by Plaintiff for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

49. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the provisions of the FOIA cited by Plaintiff for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant also admits that it has not released records in response to Plaintiffs' FOIA request.

**VI. <u>Ongoing Allegations of Fraud and Lack of Transparency</u>**

50. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth

claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

51. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

52. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

53. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

54. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

55. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

56. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

57. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the

records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**CLAIMS FOR RELIEF**

58. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the provisions of the FOIA and regulation cited by Plaintiff for a complete and accurate statement of their contents and denies any allegations inconsistent with those authorities.

59. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the provisions of the FOIA and regulation cited by Plaintiff for a complete and accurate statement of their contents and denies any allegations inconsistent with those authorities.

60. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the provisions of the FOIA and regulation cited by Plaintiff for a complete and accurate statement of their contents and denies any allegations inconsistent with those authorities.

61. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the provisions of the FOIA and regulation cited by Plaintiff for a complete and accurate statement of their contents and denies any allegations inconsistent with those authorities.

62. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the provisions

of the FOIA and regulation cited by Plaintiff for a complete and accurate statement of their contents and denies any allegations inconsistent with those authorities.

**REQUEST FOR RELIEF**

The remainder of the Complaint, including Plaintiffs' numbered requests for relief, states Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the requested relief.

**DEFENSES**

Without assuming any burden that it would not otherwise bear, Defendant asserts the following defenses. Defendant the right to amend, supplement, or withdraw these defenses as appropriate based on the facts and circumstances developed in this litigation.

**FIRST DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized by statute under the FOIA, 5 U.S.C. § 552.

**SECOND DEFENSE**

Plaintiff's FOIA request, or portions thereof, is unduly burdensome.

**THIRD DEFENSE**

The requested records are exempt or excluded, in full or in part, from disclosure.

**FOURTH DEFENSE**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority. Additionally, exceptional circumstances exist that may necessitate additional time for Defendant to complete processing of Plaintiffs' FOIA request. *See* 5 U.S.C. § 552(a)(6)(C); *Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).

**FIFTH DEFENSE**

Plaintiffs are neither eligible for nor entitled to attorney's fees or costs.

## SIXTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192 (JCO), 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543 (NGG), 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

* * *

Dated: August 21, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Benjamin W. Owen*
Benjamin W. Owen
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-0899

*Attorneys for the United States of America*