UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Civil Action No. 26-2521 (ACR) |

**JOINT STATUS REPORT**

Pursuant to the Court's August 21, 2026, minute order, Plaintiffs American Civil Liberties Union, the American Civil Liberties Union Foundation, ACLU Foundation of Colorado, Roger Baldwin Foundation of the ACLU, Inc., National Women's Law Center, and National Center for Law and Economic Justice, Inc., and Defendant the Department of Health and Human Services ("HHS") respectfully submit this Joint Status Report. The parties report as follows:

1. This lawsuit arises from Plaintiffs' March 11, 2026, FOIA request to HHS. Compl. ¶ 39.

2. In accordance with the Court's Minute Order dated August 21, 2026, the parties have met and conferred about this matter and provide the relevant information herein.

3. **Status of Plaintiffs' FOIA request:**

   a. Defendant's Position:

      i. On September 9, 2026, HHS requested the Office of Family Assistance ("OFA") within the Administration for Children & Families to provide any records potentially responsive to Plaintiffs' FOIA request to the

HHS FOIA office. On September 21, 2026, OFA provided records to the HHS FOIA office. The FOIA office is currently assessing the quantity of those pages and estimating processing timelines.

ii. On September 10, 2026, HHS informed Plaintiffs that HHS could conduct an electronic search for potentially responsive records, and that to do such a search, HHS needed Plaintiffs to identify a discrete list of custodians. HHS also informed Plaintiffs it was willing to consider specific search strings that Plaintiffs would like HHS to run. Counsel for Defendant was unaware of the parallel process that HHS was engaged in beginning on September 9, 2026, referenced above and that the request for custodians and keywords was a process intended to run a more in-depth search, rather than any search for electronic records. Counsel for Defendant therefore represented that HHS could not provide any information about the status of the request, the number of responsive documents, or anticipated dates of release until Plaintiffs provided the relevant requested information. HHS also provided Plaintiffs with a public-facing directory of employees with the names and job titles of current employees.

iii. On September 16, Plaintiffs provided HHS with an initial list of custodians and search terms while reserving the right to request additional custodians and search terms. Plaintiffs also requested that Defendants prepare a list of names and job descriptions of every single current and former employee in "HHS's Immediate Office of the

Secretary, Office of the Secretary, Office of the Deputy Secretary, Administration for Children and Families, Office of General Counsel, Office of Public Affairs, and any task force, working group, or digital services unit involved in the adoption, implementation, and/or enforcement of the Enhanced Defend the Spend Policy or Funding Freeze." Plaintiffs also requested HHS' position on consulting with the Office of Management and Budget ("OMB") about including OMB employees Russell Vought, Anne DeCesaro, Katharine T. Sullivan, Emily A. Underwood, Daniel F. Wasserman, and Sam G. Adolphsen as custodians in HHS' searches. HHS is currently considering the requested list of names and job descriptions and additional custodians and anticipates providing responses prior to the next Joint Status Report.

iv. HHS is currently evaluating Plaintiffs' proffered search terms to determine the feasibility of running their proposed search. HHS has made no productions to date.

b. <u>Plaintiffs' Position:</u>

i. On September 10, 2026, Defendant HHS informed Plaintiffs that it could request that OFA provide potentially responsive records only if Plaintiffs provided a list of custodians and search terms to conduct an electronic search, and that the "Agency's position is that they can't start running the searches until they've heard back from [Plaintiffs] about the custodians."

ii. On September 16, 2026, Plaintiffs provided Defendant HHS with an initial list of custodians and search terms to assist in gathering responsive records while reserving the right to request additional custodians and search terms. Plaintiffs also advised Defendant HHS that its public-facing directory does not include former staff employed during the relevant time period or any job descriptions to inform Plaintiffs' identification of potential custodians, and they requested that Defendant provide this information to assist Plaintiffs in identifying custodians. In addition, Plaintiffs clarified that they submitted their FOIA request to HHS and its subcomponents, and that their FOIA request was not limited to OFA.

iii. Prior to receiving Defendant's draft joint status report at 5:18 p.m. EST on September 21, Plaintiffs were not informed that Defendant HHS had already requested that OFA provide responsive records on September 9, or that OFA had provided such records on September 21.

iv. Plaintiffs' initial list of custodians and search terms should not be used to narrow responsive records from HHS, OFA, or other HHS subcomponents.

v. As of the filing of this status report, Defendant HHS has not released any responsive documents.

4. **Anticipated number of documents responsive to Plaintiffs' FOIA request:**

a. <u>Defendant's Position:</u>

i. The HHS FOIA office is currently assessing the quantity of documents provided by OFA to the HHS FOIA Office on September 21, 2026.

ii. HHS is also currently evaluating Plaintiffs' proffered search terms to determine the feasibility of running their proposed search. HHS will consult with Plaintiffs as to the parameters that HHS believes will most efficiently capture responsive records prior to running the search.

b. Plaintiffs' Position:

i. As of the filing of this status report, Defendant HHS has not provided any information about the anticipated number of responsive documents or the number of potentially responsive documents produced by OFA on September 21, 2026.

5. **Anticipated dates for release of documents:**

a. Defendant's Position:

i. The HHS FOIA office is currently assessing the estimating processing timelines for the documents provided by OFA to the HHS FOIA Office on September 21, 2026.

ii. HHS is also currently evaluating Plaintiffs' proffered search terms to determine the feasibility of running their proposed search. The dates of future productions will depend upon how long it takes for the parties to agree upon search parameters and whether additional narrowing of the search results is necessary.

b. Plaintiffs' Position:

i. As of the filing of this status report, Defendant HHS has not provided any information about the anticipated date(s) of release of responsive documents.

6. **Whether a motion for an *Open America* stay is likely:**

a. Defendant's Position: HHS does not anticipate a motion for an *Open America* stay at this time.

b. Plaintiffs' Position: Plaintiffs have advised Defendant HHS that they would oppose an *Open America* stay at this time.

7. The parties respectfully propose filing another joint status report in forty-five days, on November 5, 2026.

* * *

Dated: September 21, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

/s/ *Linda S. Morris*
Linda S. Morris (*pro hac vice*)
Ming-Qi Chu (*pro hac vice pending*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 443-253-4283
lindam1@aclu.org
mchu@aclu.org

Sara R. Neel (*pro hac vice*)
Tim Macdonald (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF COLORADO
303 E. 17th Avenue, Suite 350
Denver, CO 80203
T: 303-777-5482

By: /s/ *Benjamin W. Owen*
Benjamin W. Owen
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-0899
Benjamin.Owen@usdoj.gov

*Attorneys for the United States of America*

sneel@aclu-co.org
tmacdonald@aclu-co.org

Melissa L. Staas (*pro hac vice*)
THE ROGER BALDWIN FOUNDATION OF
ACLU, INC.
150 N. Michigan Ave, Suite 600
Chicago, IL 60601
T: 312-201-9740
mstaas@aclu-il.org

Saima Akhtar (*pro hac vice*)
NATIONAL CENTER FOR LAW AND ECONOMIC
JUSTICE
50 Broadway, Suite 500
New York, NY 10004
T: 212-633-6967
sakhtar@nclej.org

Michelle Banker (D.C. Bar No. 1003535)
Alison Tanner (D.C. Bar No. 230504)
Sonia Marton (*motion for admission pending*)
NATIONAL WOMEN'S LAW CENTER
1350 I Street NW, Suite 700
Washington, DC 20005
Tel: 202-588-5180
mbanker@nwlc.org
atanner@nwlc.org
smarton@nwlc.org

*Counsel for Plaintiffs*