UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Civil Action No. 26-2521 (ACR) |

**JOINT STATUS REPORT**

Pursuant to the Court's August 21, 2026, minute order and the parties' joint status report of September 21, 2026, Plaintiffs American Civil Liberties Union, the American Civil Liberties Union Foundation, ACLU Foundation of Colorado, Roger Baldwin Foundation of the ACLU, Inc., National Women's Law Center, and National Center for Law and Economic Justice, Inc., and Defendant the Department of Health and Human Services ("HHS") respectfully submit this Joint Status Report. The parties report as follows:

1. This lawsuit arises from Plaintiffs' March 11, 2026, FOIA request to HHS. Compl. ¶ 39.

## I. Status of Plaintiffs' FOIA Request

### A. Defendant's Position

2. On September 9, 2026, HHS requested the Office of Family Assistance ("OFA") within the Administration for Children & Families to provide any records potentially responsive to Plaintiffs' FOIA request to the HHS FOIA office. On September 21, 2026, OFA provided

records to the HHS FOIA office. The records consisted of eleven documents totaling approximately forty pages.

3. On September 16, Plaintiffs provided HHS with an initial list of custodians and search terms while reserving the right to request additional custodians and search terms. Plaintiffs also requested that Defendant prepare a list of names and job descriptions of every single current and former employee in "HHS's Immediate Office of the Secretary, Office of the Secretary, Office of the Deputy Secretary, Administration for Children and Families, Office of General Counsel, Office of Public Affairs, and any task force, working group, or digital services unit involved in the adoption, implementation, and/or enforcement of the Enhanced Defend the Spend Policy or Funding Freeze." Plaintiffs also requested HHS' position on consulting with the Office of Management and Budget ("OMB") about including OMB employees Russell Vought, Anne DeCesaro, Katharine T. Sullivan, Emily A. Underwood, Daniel F. Wasserman, and Sam G. Adolphsen as custodians in HHS' searches.

4. On September 23, 2026, HHS provided Plaintiffs a proposed list of custodians and search terms.

5. On September 25, 2026, HHS informed Plaintiffs:

a. that consulting with another agency did not give it the ability to search non-HHS custodians, such as the OMB employees Plaintiffs identified;

b. that the government would not provide the requested list of names and job descriptions of every single current and former employee in the offices Plaintiff identified; and

c. that the OFA search had returned eleven documents totaling approximately forty pages, which HHS said it "should be able to process" for release in October 2026.

6. On October 2, 2026, Plaintiffs responded to Defendant's proposed search terms. Reserving the right to seek additional custodians and search terms, Plaintiff agreed to narrow the timeframe of their request to December 1, 2025 to May 1, 2026 if HHS would accept Plaintiffs' proposed search terms.

7. On October 9, 2026, HHS informed Plaintiffs it would run the search as Plaintiffs requested while reserving the right to require additional narrowing if the volume of documents returned by the search was excessive.

8. On October 16, 2026, HHS completed a preliminary search using the agreed terms, resulting in fifty-one gigabytes of records of various file types. HHS began the process of converting these records to PDF, deduplicating, and reviewing for responsiveness on or around the same date. Separately, the Centers for Medicare and Medicaid Services, an HHS component which employs two of the custodians and therefore had to perform its own searches for records, continued to work on its searches.

9. On October 26, 2026, HHS informed Plaintiffs that HHS was still working to convert the files.

10. HHS is currently considering the requested list of names and job descriptions and additional custodians and anticipates providing responses prior to the next Joint Status Report.

11. HHS is currently evaluating Plaintiffs' proffered search terms to determine the feasibility of running their proposed search. HHS has made no productions to date.

12. On November 2, 2026, after completing the upload and file conversion process, HHS experienced technical problems that prevented it from proceeding to the responsiveness and deduplication phases of the search. These technical problems were not specific to this case. HHS

also was experiencing agency-wide problems with Adobe licenses. Defendant informed Plaintiff of this delay on the same day.

13. On November 4, 2026, HHS provided additional details to Plaintiff regarding the delay. HHS also informed Plaintiff that the FOIA office had included the documents from the OFA search with those produced in the agreed term searches. HHS represented it was determining if the OFA search documents could be split off and produced separately. HHS also stated that it was working to restore access as soon as possible.

**B. Plaintiff's Position**

14. As of the filing of the Joint Status Report (JSR), Defendant HHS has not released any documents responsive to Plaintiffs' FOIA Request or provided information about the anticipated total number of responsive documents or anticipated date(s) of release.

15. On September 25, counsel for Defendant HHS advised Plaintiffs that the Office of Family Assistance ("OFA") within the Administration for Children and Families provided 11 responsive documents (including two Microsoft Word documents and nine e-mails) to HHS on September 21—the date the parties filed our first JSR—and that HHS would release those documents in October. Counsel for Defendant also advised that he was consulting with the agency to obtain a description of OFA's search.

16. On October 15, Plaintiffs asked to schedule a meet and confer call regarding the status of their FOIA Request. That same day, counsel for Defendant responded that he did not believe that a meet and confer call would be productive because the agency's searches were still pending and requested that Plaintiffs raise any specific issues in writing.

17. On October 26, Plaintiffs provided a list of specific issues that they wished to discuss with Defendant HHS. That same day, counsel for Defendant advised that HHS had preliminary search results that they were converting into PDF files, deduplicating, and reviewing

for responsiveness. Counsel for Defendant also relayed that HHS was still awaiting search results from the Centers for Medicare and Medicaid Services.

18. On November 2, Plaintiffs again requested an update on the status of the agency's search. Counsel for Defendant advised that HHS was now experiencing "technical issues that are preventing them from proceeding on processing this matter" and that he had no further updates.

19. On November 4, 2026, in response to Plaintiffs' request for more information about the scope and nature of these technical issues, counsel for Defendant HHS responded: "The contractors are experiencing PIV-card issues that prevents them from connecting to external platforms such as SecureRelease. The issue isn't specific to ACLU's case, and the contractors are working with the agency's IT team to restore access as soon as possible. There are also agency-wide issues involving Adobe licenses. The FOIA office included the OFA records with those they obtained via the IT search for upload and conversion, however they are exploring whether they can handle those separately." Counsel for Defendant also informed Plaintiffs that HHS submitted its search using the agreed-upon custodians and search terms on October 7.

20. Plaintiffs have communicated to Defendant HHS their growing concern about the chronic and prolonged delays in HHS's processing and production of records responsive to their March 11, 2026, FOIA Request. Notably, Defendant HHS has continued to withhold 11 responsive documents that were located and provided by OFA to the agency over six weeks ago on September 21, despite Plaintiffs' repeated inquiries. In addition, Defendant HHS has failed to produce or even provide any information about the total number of and release date(s) for records located during the agency's search conducted nearly one month ago on October 7. While Plaintiffs acknowledge that technical issues may sometimes pose legitimate challenges, these technical issues—which only arose this week on November 2—fail to explain Defendant HHS's persistent

delays over the nearly eight months since Plaintiffs submitted their FOIA Request. These delays, regardless of their cause, are at odds with FOIA's clear command to make records "promptly available" and continue to deprive the public of critical information that it is entitled to access. *See* 5 U.S.C. § 552(a)(3)(A). Nonetheless, Plaintiffs remain willing to meet and confer with Defendant HHS with shorter-term deadlines for future status reports to avoid further delay, as proposed below.

## II. <u>Anticipated Number of Documents Responsive to Plaintiff's FOIA Request</u>

21. The OFA search returned eleven documents totaling approximately forty pages.

22. The search based on the agreed terms and custodians returned approximately fifty-one gigabytes of records.

23. HHS is still processing these records, which has been delayed by the technical difficulties described *supra*. CMS is also still processing its searches of the CMS custodians. HHS will attempt to provide a page count for this information by November 20, 2026.

## III. <u>Anticipated Dates for Release of Documents</u>

24. The HHS FOIA office is currently assessing whether it can split off and produce the documents from OFA separately, which has been delayed by the technical difficulties described *supra*.

25. HHS will attempt to provide an estimated initial date for release of documents by November 20, 2026. This estimate may change if additional narrowing of the search results is necessary.

## IV. <u>Next Joint Status Report</u>

26. Defendant proposes filing another joint status report in sixty days, on January 4, 2026. Plaintiffs propose filing another JSR in fourteen days, on November 19, 2026.

Dated: November 5, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Benjamin W. Owen*
BENJAMIN W. OWEN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-0899
Benjamin.Owen@usdoj.gov

*Attorneys for the United States of America*

*/s/Linda S. Morris*
Linda S. Morris (*pro hac vice*)
Ming-Qi Chu (*pro hac vice pending*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 443-253-4283
lindam1@aclu.org
mchu@aclu.org

Sara R. Neel (*pro hac vice*)
Tim Macdonald (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF COLORADO
303 E. 17th Avenue, Suite 350
Denver, CO 80203
T: 303-777-5482
sneel@aclu-co.org
tmacdonald@aclu-co.org

Melissa L. Staas (*pro hac vice*)
THE ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan Ave, Suite 600
Chicago, IL 60601
T: 312-201-9740
mstaas@aclu-il.org

Saima Akhtar (*pro hac vice*)
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
50 Broadway, Suite 500
New York, NY 10004
T: 212-633-6967
sakhtar@nclej.org

Michelle Banker (D.C. Bar No. 1003535)

Alison Tanner (D.C. Bar No. 230504)
Sonia Marton (*motion for admission pending*)
NATIONAL WOMEN'S LAW CENTER
1350 I Street NW, Suite 700
Washington, DC 20005
Tel: 202-588-5180
mbanker@nwlc.org
atanner@nwlc.org
smarton@nwlc.org

*Counsel for Plaintiffs*